UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| GREGG CLENNON,<br>Petitioner,<br>v.<br>WARDEN,<br>Respondent. | CAUSE NO. 3:26cv823 DRL-SJF |

OPINION AND ORDER

Immigration detainee Gregg Clennon, a litigant without counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States.

Mr. Clennon is a native and citizen of Jamaica who was admitted into the United States as a conditional permanent resident in 2003 [11-1]. His residency status was terminated in 2011 due to his failure to attend a required interview with immigration officials. In February 2020, immigration officials issued a notice to appear. In April 2025, an immigration judge ordered him removed to Jamaica. Mr. Clennon appealed his removal order to the Board of Immigration Appeals (BIA).

On July 30, 2025, Mr. Clennon was arrested by agents of United States Immigration and Customs Enforcement (ICE) pursuant to an administrative warrant. On December 15, 2025, an immigration judge denied his request for custody redetermination, finding he did not carry his burden to show he was not a flight risk or a danger to the community. Mr. Clennon did not appeal the bond decision to the BIA.

On April 29, 2026, the BIA dismissed Mr. Clennon's appeal of his removal order. He then filed a petition for review with the Third Circuit Court of Appeals. On June 16, 2026, the Third Circuit granted a stay of removal and remanded the case back to the BIA. The BIA then remanded the case back to the immigration judge. Mr. Clennon remains detained under § 1226(a) in the meantime. 8 U.S.C. § 1231(a)(1)(B).

He filed this habeas petition, arguing that (1) his detention violates § 1226(a) because there was no warrant for his arrest and he has not been given a bond hearing, and (2) his detention without a bond hearing has become unconstitutionally prolonged.

In response, the Warden argues that Mr. Clennon is categorized under 8 U.S.C. § 1226(a)—the "default rule" for detention of noncitizens who are present in the United States, *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018)—and that he already received all the process he is due. "On a warrant issued by the Attorney General, an alien may be arrested and detained" while removal proceedings are pending, and the Attorney General "(1) may continue to detain the [noncitizen]; and (2) may release the [noncitizen] on (A) bond . . . or (B) conditional parole" until removal proceedings conclude. 8 U.S.C. § 1226(a). The Supreme Court has held that a noncitizen detained under § 1226(a) is entitled to an individualized bond hearing. *Jennings*, 583 U.S. at 306.

The Attorney General has delegated this discretion by regulation—first, to specified immigration officers who may "release an alien not described in [§ 1226(c)(1) (regarding criminal aliens)], under [bond or conditional parole]; provided that the alien must demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding." 8 C.F.R.

§§ 236.1(c)(8), 1236.1(c)(8). That is called an initial custody determination. After that initial custody determination, a noncitizen may apply to an immigration judge for a custody redetermination, and the immigration judge is authorized to exercise the authority in § 1226 "to detain the alien in custody, release the alien, and determine the amount of bond, if any, under which the respondent may be released." 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1); *see also* 8 C.F.R. § 1003.19 (detailing procedures for custody or bond redeterminations by an immigration judge). When a noncitizen files this motion, an immigration judge, under immigration court rules, must "in general" schedule a "hearing for the earliest possible date," though in "limited circumstances" the immigration judge may rule on a bond redetermination request without a hearing. Immig. Ct. Practice Manual § 8.3(d). A noncitizen may request a second custody redetermination before an immigration judge, but a hearing will only be granted if the noncitizen shows materially changed circumstances. 8 C.F.R. § 1003.19(e). A noncitizen may appeal a decision relating to bond and custody determinations to the Board of Immigration Appeals. 8 C.F.R. §§ 236.1(d)(3), 1236.1(d)(3).

Here, ICE issued an administrative warrant for Mr. Clennon's arrest, which accords with § 1226(a) [11-1]. He then received a custody redetermination hearing before an immigration judge, and the judge considered his request on the merits and determined he should remain in custody because he did not meet his burden to show he was neither a flight risk nor a danger to the community. He could have appealed this decision to the BIA, but there is no evidence he did so. The record indicates that § 1226(a) has been followed in Mr. Clennon's case.

Both noncitizens and the government alike must comply with our immigration laws, as they are written and as they must work within constitutional demands. *See, e.g., Zadvydas v. Davis*, 533 U.S. 678, 701 (2001); *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954). The government has predetermined the procedures that apply to noncitizens who are arrested and detained under § 1226, and due process requires merely that these procedures be fairly given, not taken away. *See Accardi*, 347 U.S. at 266-68; *see, e.g., Jideonwo v. I.N.S.*, 224 F.3d 692, 697 (7th Cir. 2000); *Montilla v. I.N.S.*, 926 F.2d 162, 166 (2d Cir. 1991). Mr. Clennon gives no reason to believe this process is insufficient. Absent something else, the court will order no more and no less than what is expected of immigration officials by law. *See Accardi*, 347 U.S. at 268; *see also United States v. Nixon*, 418 U.S. 683, 696 (1974) ("So long as this regulation [delegating Attorney General's discretion to a Special Prosecutor] remains in force the Executive Branch is bound by it, and indeed the United States as the sovereign composed of the three branches is bound to respect and to enforce it.").

Mr. Clennon also argues his detention under § 1226(a) has become unconstitutionally prolonged. He analogizes his detention to the prolonged mandatory detention at issue in cases arising under § 1226(c), but his circumstances are materially different. Unlike a noncitizen detained under § 1226(c), Mr. Clennon is detained under § 1226(a) and has already received an individualized bond hearing at which an immigration judge considered whether his continued detention was warranted. *See Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278-80 (3rd Cir. 2018) (distinguishing prolonged detention under § 1226(c) because a § 1226(a) detainee who received a bond hearing had already been afforded "meaningful process"). Moreover, the applicable regulations permit him to seek a

subsequent bond redetermination upon a showing that his circumstances have materially changed. 8 C.F.R. § 1003.19(e). Thus, the duration of his detention, standing alone, does not establish that he has been deprived of due process. *Borbot*, 906 F.3d at 277; *see also Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1212 (9th Cir. 2022); *Z.G. v. Olson*, 834 F. Supp.3d 794, 802-03, 805 (N.D. Ind. 2026).

In short, the statutory scheme under which he has been detained already builds in the opportunity for bond and an individualized procedure to assess whether it should be granted for any noncitizen. Under the circumstances here, no one can say removal is "no longer practically attainable," that detention "no longer bears a reasonable relation to the purpose for which the individual was committed" (danger to the community and flight risk), or that the period of detention will be "indefinite" or "potentially permanent." *Demore v. Kim*, 538 U.S. 510, 527-28 (2003) (challenge to § 1226(c)) (quoting *Zadvydas v. Davis*, 533 U.S. 678, 690-91 (2001) (challenge to § 1231(a)(6)); *see Z.G.*, 834 F. Supp.3d at 802, 805. Although he has been detained longer, approximately nine months have elapsed since his individualized bond hearing. *See Rodriguez Diaz*, 53 F.4th at 1212–14 (rejecting due process challenge after approximately fourteen months following an initial bond hearing); *Borbot*, 906 F.3d at 275–80 (rejecting due process challenge after fourteen months of detention following an initial bond hearing). His removal proceedings have progressed through various stages during that period, including decisions from the BIA and the Third Circuit, and he retains the ability to request another custody redetermination upon a showing of materially changed circumstances. 8 C.F.R. § 1003.19(e). Accordingly, his continued detention following an individualized bond determination does not violate due process.

For these reasons, the court DENIES the habeas petition (ECF 2) and instructs the clerk to close this case.

SO ORDERED.

October 9, 2026

*s/ Damon R. Leichty*
Judge, United States District Court